UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RAMON LORENZO,

                              Plaintiff,                                **REPORT AND**
      -against-                                                   **RECOMMENDATION**
                                                                             24-CV-04964 (LDH) (JMW)

1720 FOOD CORP. *et al*,

                              Defendants.
-----------------------------------------------------------X

**A P P E A R A N C E S:**

    Peter Arcadio Romero
    **Law Office of Peter A. Romero PLLC**
    490 Wheeler Road, Suite 277
    Hauppauge, NY 11788
    *Attorney for Plaintiff*

    *No appearance for Defendants*

**WICKS,** Magistrate Judge:

    Plaintiff, Ramon Lorenzo, a former chef and food preparer for 1720 Food Corp. doing business as Food Universe and Hakima Ali Durhan ("Defendants"), alleges that Defendants failed to pay him his appropriate overtime wages and spread of hours in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and also failed to provide him with a proper wage notice pursuant to NYLL § 195(1).  (ECF No. 1.)  Just five days after the action was commenced, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P.  41(a)(1)(A)(i).  (ECF No. 6.)  The Hon. LaShann DeArcy Hall has referred the notice of voluntary dismissal to the undersigned for review in a manner consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

1

The undersigned held a conference on September 18, 2024 at which time Plaintiff's counsel appeared to address the circumstances of the filing of a notice of voluntary dismissal of the case to determine whether review pursuant to *Cheeks* was necessary.  For the reasons stated below, the undersigned recommends that the that the case remain closed since the notice of voluntary dismissal was filed appropriately without any settlement of the action.  Therefore, review under *Cheeks* is not warranted.

## DISCUSSION

Fed. R. Civ. P. 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Here, Defendants have not been served with the Complaint, thus no answer or motion for summary judgment was filed.  However, since the claims were filed under the FLSA, the Court takes additional care to ascertain whether the parties have settled the case and, if so, whether the settlement is in agreement in accordance with *Cheeks*.

In *Cheeks*, the Second Circuit held that stipulated dismissals settling FLSA claims required district court approval.  *Cheeks*, 796 F.3d at 200.  Upon the parties' filing of a stipulation of dismissal, the district court directed the parties to file a copy of the settlement agreement on the docket and show cause why the settlement reflects a reasonable compromise of the issues in the case.  *Id*.  The Second Circuit concluded that the settlement should be examined to determine the potential for abuse in these types of cases including whether there is a restrictive confidentiality provision, an overbroad release, or an exceedingly high attorney fee.  *Id*. at 206. More recently, the Court held that "the FLSA limits the automatic operation of Rule 41(a)(1)(A)(i), which concerns unilateral dismissals, as well as (ii), which concerns stipulated dismissals."  *Samake v. Thunder Lube Inc*., 24 F.4th 804, 807 (2d Cir. 2022).  The court further

2

stated that if "a FLSA settlement exist[s], the district court would then engage in a *Cheeks* fairness review, but in the absence of a settlement, the notice of dismissal should be so-ordered." *Id*. at 811.  Other cases in this Circuit have also followed this line of reasoning.  *See Ku v. MB Gallery Inc*., 20-CV-3486 (EK) (TAM), 2022 U.S. Dist. LEXIS 120254, at *4 (E.D.N.Y. July 6, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 180109 (Sept. 30, 2022) ("In the context of cases where plaintiffs allege claims under the FLSA, courts also scrutinize requests for dismissal to ensure that the remedial purposes of the FLSA are not being circumvented.");  *Angulo v. Clowns.Com, Inc*., 23 Civ. 10983 (GS), 2024 U.S. Dist. LEXIS 131082, at *9 (S.D.N.Y. July 23, 2024) (stating that despite the proposed stipulation of dismissal under Rule 41, the parties must still file a motion seeking approval of the proposed settlement under *Cheeks*).

As such, the undersigned held a conference on September 18, 2024.  (ECF No. 7.)  Plaintiff's counsel appeared, with no appearance on behalf of Defendants.  At the conference, counsel represented on the record that after filing the action against Defendants and due to a miscommunication, the wrong entity had been sued in this case.  Specifically, counsel learned that Plaintiff worked for a *different* entity—not 1720 Food Corp.—that was also doing business as Food Universe.  Upon this discovery, Plaintiff filed the notice of voluntary dismissal *without prejudice* (ECF No. 6).  In addition, the Complaint was never served upon Defendants, which is evident from their non-appearance in this case.  Plaintiff's counsel assured the Court that no settlement or money was given to Plaintiff in exchange for dismissing the case.

Based upon the foregoing, there is no need for a *Cheeks* review.  *See Quino v. Chebureck Inc*., 20-CV-3393 (LDH) (TAM), 2022 U.S. Dist. LEXIS 87068, at *3 (E.D.N.Y. May 12, 2022) (recommending that the case be dismissed under Rule 41 after holding a status conference and

3

receiving confirmation from both parties that no settlement had been executed in this case and that the stipulation was filed because plaintiff plainly did not want to continue litigation); *Castillo v. Golden Thai Inc.*, 19 Civ. 2421 (LDH) (VMS), 2020 U.S. Dist. LEXIS 24656 (E.D.N.Y. Feb. 11, 2020) (recommending that the dismissal would not run afoul of *Cheeks* after plaintiff stated he no longer wanted to prosecute his claims against defendants due to his poor health and affirmed there was no settlement agreement between the parties); *Huer Huang v. Shanghai City Corp.*, 19-cv-7702 (LJL), 2022 U.S. Dist. LEXIS 113476, at *8 (S.D.N.Y. June 27, 2022) (approving stipulation of dismissal where the parties agreed, after review of discovery, that defendants did not have any liability under the FLSA or NYLL and there was additionally no settlement agreement); *Johnson v. Fate Inc.*, 23-CV-2898 (NRM) (TAM), 2023 U.S. Dist. LEXIS 11473, at *4 (E.D.N.Y. June 30, 2023), *report and recommendation adopted*, (July 20, 2023) (recommending that the case be dismissed after plaintiffs explained the difficulties of serving a defendant in the case and collecting damages in light of the restaurant's closure and no settlement was exchanged); *cf. Angulo*, 2024 U.S. Dist. LEXIS 131082 at *3, 9 (conducting an analysis into the parties privately settled FLSA and NYLL claims and concluding that the parties were required to file a motion seeking approval of the FLSA claims pursuant to *Cheeks*); *cf. De Jesus v. Magnetic Contr. Corp.*, 19-CV-01842, 2019 U.S. Dist. LEXIS 167089, at *2-3 (E.D.N.Y. Sept. 26, 2019) (stating that the voluntary dismissal raised concern and directed the parties to file a *Cheeks* motion). Those cases did not involve an inadvertent filing, lack of service of the Complaint, or document exchanges as in this case. Further, counsel's representations here imply that Plaintiff will still be pursuing his FLSA and NYLL claims, but against a different entity under Food Universe.

4

In light of these circumstances, the undersigned is satisfied that the voluntary dismissal was appropriately filed, the case should remain closed and the filing does not implicate a review needed under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## CONCLUSION

For the reasons stated above, the undersigned respectfully recommends to the Honorable LaShann DeArcy Hall that the case remain closed, since the Voluntary Dismissal filed at ECF No. 6 does not require any further review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for Plaintiff. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a

waiver of any further judicial review of the magistrate's decision") (citation omitted); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
September 19, 2024

                                  **Respectfully recommended,**

                                  /S/ *James M. Wicks*
                                  JAMES M. WICKS
                              United States Magistrate Judge